STATE of Oklahoma, ex rel., OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

W. Wayne MOSS, Respondent.

SCBD No. 3091.

Supreme Court of Oklahoma.

Nov. 8, 1983.

Rehearing Denied Nov. 29, 1983.

Gary A. Rife, Gen. Counsel, Timothy P. Morris, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

W. Wayne Moss, Lawton, pro se.

LAVENDER, Justice:

This matter is before us for review and approval of a Report of the Trial Panel under the provisions of Rules Creating and Controlling the Oklahoma Bar Association, Okla.Stat.Ann., T. 5, Ch. 1, App. 1-A (West Supp.1982), Rules Governing Disciplinary Proceedings, and Okla.Stat.Ann., T. 5, Ch. 1, App. 3 (West Supp.1982), Code of Professional Responsibility.

A Complaint was filed against Respondent pursuant to Rule 6, Rules Governing Disciplinary Proceedings, by the Oklahoma Bar Association wherein it alleged in two separate counts that Respondent violated the Code of Professional Responsibility and should be disciplined.

The first count of the Complaint alleges in substance that while a formal investigation by the Oklahoma Bar Association of a complaint brought by a former client of Respondent's was pending, Respondent willfully and intentionally induced the complaining witness to make statements under oath, known by Respondent to be false, in the form of an affidavit. That Respondent induced the complaining witness to execute the affidavit for the pur-

pose of exonerating himself from the allegations contained in the grievance and to prevent the further investigation of the matter by Complainant. That Respondent induced the complaining witness to execute the affidavit by paying her the sum of $1,200 cash in $100 bills and by promising to pay her the additional sum of $250. That Respondent counseled and advised the complaining witness not to disclose the fact that he paid her money as an inducement to sign the affidavit. That thereafter Respondent transmitted the affidavit to Complainant and subsequently paid the witness the additional sum of $250 cash.

The second count of the Complaint alleges that Respondent came to the Oklahoma Bar Center in connection with Complainant's formal investigation of the grievance, and there in response to a direct inquiry by the investigator for the Oklahoma Bar Association, made an unconditional affirmative denial of the payment of any money to the complaining witness in connection with the execution of the said affidavit.

At the hearing before the Trial Panel held on May 10, 1983, Respondent appeared in person, waived his rights to demand strict proof of the allegations contained in Count 1 and Count 2, stipulated to the truthfulness of the allegations and admitted the truthfulness of said allegations.

At the hearing before the Trial Panel, Respondent stipulated to the admission into evidence and inclusion into the record of prior disciplinary proceedings filed before this Court on May 2, 1978, wherein Respondent was suspended from the practice of law for a period of thirty days as discipline for charging an excessive attorney fee within the meaning of Section 6 of Article IX of the Rules Creating and Controlling the Oklahoma Bar Association. (577 P.2d 1317.)

At the conclusions of the hearing, the Trial Panel found and determined that Respondent violated Ch. 1, DR 1–102(A)(1), (3), (4), (5) and (6) of the Code of Professional Responsibility, which provide:

"A lawyer shall not:

(1) Violate a Disciplinary Rule.

\* \* \* \* \* \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

The Trial Panel recommends that Respondent be disbarred. The Panel further recommends, that based upon Respondent's admissions, the cost of investigation, record and proceedings should not be imposed upon Respondent.

Complainant has waived the filing of a brief in this Court, and Respondent has failed to file a brief within the time allowed therefor.

The matter is now before us under Rule 6.15(a) of the Rules Creating and Controlling the Oklahoma Bar Association, Rules Governing Disciplinary Proceedings which provides:

"The Supreme Court may approve the Trial Panel's findings of fact or make its own independent findings, impose discipline, dismiss the proceedings or take such other action as it deems appropriate."

Under the clear and unequivocal stipulation by Respondent of the truthfulness of the allegations made against him, we must approve the findings of fact, the conclusions of law, and the recommendations of the Trial Panel. Neither can we ignore the implications of enhancement implicit in the prior discipline imposed on Respondent by this Court. This Court will adopt the Trial Panel's findings if they are not contrary to the weight of the evidence. *State ex rel. Oklahoma Bar Ass'n v. Haworth*, Okl., 593 P.2d 765 (767) (1979). In that case, we said:

"Although in a disciplinary proceeding this court is not bound by the findings, but rather reviews and weighs the evi-

dence, it will not reverse the trial authority's findings of fact unless against the clear weight of the evidence."

Here the stipulation by Respondent of the truth of the allegations in the complaint against him obviate the necessity of weighing the evidence. Rule 1.7 Rules Governing Disciplinary Proceedings provides, in part:

"In fashioning the degree of discipline to be imposed for misconduct, the Professional Responsibility Tribunal and the Court shall consider prior misconduct where the facts are charged in the complaint and proved and the accused has been afforded an opportunity to rebut such charges."

Respondent freely and voluntarily stipulated to the admission into evidence of the prior disciplinary proceedings and declined the proffered opportunity extended to him to offer any evidence in mitigation thereof. It is therefore proper to consider the previous record of professional misconduct in determining appropriate discipline for Respondent's admitted professional misconduct. *State ex rel. Oklahoma Bar Association v. Geb*, Okl., 494 P.2d 299 (301) (1972).

In *State, ex rel. Okl. Bar Ass'n v. Raskin*, Okl., 642 P.2d 262 (1982), we said:

"We do not function in this proceeding as a reviewing tribunal but rather as a licensing court acting in the exercise of its *exclusive original* jurisdiction."

And we further said:

"The purpose of a disciplinary proceeding is not to punish a practitioner but to inquire into his continued fitness with a view to safeguarding the interest of the public, the courts and the legal profession."

While Claimant was under formal investigation by the Oklahoma Bar Association of a complaint brought against Respondent by a widowed client whom Claimant professed to regard as a "second mother," charging him with professional misconduct in the handling of her legal matters, Respondent committed flagrant acts of dishonesty, fraud, deceit and misrepresentation solely for the admitted purpose of deceitfully evading and forestalling the investigation of the charges made against him. In an effort to cover up his alleged unprofessional conduct toward the complaining witness, he importuned her to make a false affidavit through the payment of money to her, submitted the affidavit to the Bar Association knowing of the affidavit's falsity, and denied the payment of the money to her when questioned by the investigative officer of the bar. The conclusion is inescapable that Respondent has demonstrated his unfitness as a practitioner of the law. The extreme sanction of disbarment must be imposed.

We order that Respondent be disbarred and his name stricken from the roll of attorneys. In the light of the Trial Panel's recommendation and of Respondent's recantation before the Trial Panel, we further direct that the cost of the investigation, record and proceedings shall not be imposed upon Respondent.

All of the Justices concur.