**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Loren A. McCURTAIN, Respondent.**

**OBAD Nos. 807.**
**SCBD 3438.**

Supreme Court of Oklahoma.

Jan. 17, 1989.

K. Lynn Anderson, General Counsel, John E. Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Respondent not appearing.

OPINION

ALMA WILSON, Justice:

Respondent lawyer was accused by Petitioner Bar Association of professional misconduct sufficient to warrant professional discipline. After notice was mailed to the respondent, and finally a process server delivered a copy of the Complaint to the respondent at his home and talked to the respondent through the door, the respondent has made no answer to the Complaint nor did the respondent appear at the hearing. When the time for the filing of respondent's brief expired, the matter stood submitted.

The trial panel found that all of the allegations set forth in the Complaint were fully supported and proved by clear and convincing evidence; that the respondent violated the sections of the Disciplinary Code as set forth in the complaint; that no extenuating or mitigating circumstances surrounded the behavior of the respondent; and that he failed without excuse to cooperate with the Oklahoma Bar Association in its investigation of the matters contained in the Complaint. The panel further found that the respondent had been subjected to prior discipline by the Supreme Court of the State of Oklahoma.

The allegations contained in the complaint, which the trial panel found to be fully supported are as follows:

That Loren A. McCurtain is currently suspended from the practice of law in the State of Oklahoma. On approximately June 25, 1986, an Order was entered by the Supreme Court of Oklahoma in *State of Oklahoma, ex rel., Oklahoma Bar Association v. Loren A. McCurtain,* SCBD # 3232, suspending Loren A. McCurtain from the practice of law indefinitely, but not less than one (1) year from the date of the Order.

Subsequently, on February 4, 1987, an Order was entered by the Supreme Court of the State of Oklahoma in *State of Oklahoma, ex rel., Oklahoma Bar Association v. Loren A. McCurtain*, SCBD # 3338, suspending the right of Loren A. McCurtain to practice law in the State of Oklahoma until March 3, 1989, and thereafter until reinstated to the practice of law by an Order of the Supreme Court.

## ACTS OF MISCONDUCT

### COUNT I

On March 11, 1986, Neil V. Johnson of McAlester, Oklahoma, retained Respondent, Loren A. McCurtain, to obtain a divorce and paid him $350.00.

On April 2, 1986, Respondent filed a Petition for divorce on behalf of Johnson in the District Court of Pittsburg County, Case No. 3-86-151. Thereafter, Respondent took no further action on behalf of Mr. Johnson in obtaining his divorce, and has refunded none of the $350.00 retainer fee.

On June 25, 1986, Respondent was suspended from the practice of law for a minimum period of one (1) year by the Oklahoma Supreme Court.

Respondent never informed Mr. Johnson that he was suspended from the practice of law, nor took steps to withdraw from Mr. Johnson's case.

Mr. Johnson's divorce Petition was dismissed by the District Court of Pittsburg County on a disposition docket on December 12, 1986.

Said conduct of the Respondent violates the mandatory provisions of DR 2-111(B) and DR 6-101(A)(3), Code of Professional Responsibility, and thereby constitutes grounds for professional discipline.

### COUNT II

On September 30, 1986, Neil V. Johnson wrote the Oklahoma Bar Association complaining of Respondent's neglect of his divorce. Mr. Johnson's grievance was designated DC 86-283. On October 15, 1986, a copy of the grievance of Mr. Johnson, along with a letter informing Respondent of his obligation to respond to same, pursuant to Rule 5.2, Rules Governing Disciplinary Proceedings, was mailed to Respondent at his then current roster address, in McAlester, Oklahoma, but was returned to Complainant. A second copy of the grievance, with the letter informing Respndent of his duty to respond, was then mailed certified mail to Respondent's address in Addison, Texas, but was returned unclaimed.

On Monday, February 9, 1987, Respondent was personally served in Addison, Texas, with a subpoena to appear at the Oklahoma Bar Center to give his deposition concerning the grievance on February 18, 1987. Respondent failed to appear for the deposition.

Respondent's conduct violates Rule 5.2, Rules Governing Disciplinary Proceedings, *supra*, and constitutes grounds for professional discipline.

### COUNT III

During early 1981, Ollie Mae Smith and her husband Carl hired the Respondent to probate the estate of Mr. Smith's deceased sister, Lottie Mae Settles. On January 29, 1981, the Smiths delivered to Respondent Ms. Settles' purse which had been removed from the hospital after her death. The purse contained $46.00 in cash, a gold wedding band, and other miscellaneous items.

On February 2, 1981, Respondent filed a Petition for Letters of Administration *In The Matter of Lottie Mae Settles*, In the District Court of Pittsburg County, P-81-22, seeking appointment of Carl Smith as Administrator. The appointment of Carl Smith was contested by a brother, Harry Smith; hearings were held; and depositions were taken. On June 3, 1981, Judge J.M. LeMasters entered an Order appointing Eula Johnson as Administratrix of the Settles' estate.

On July 6, 1981, Respondent Loren McCurtain filed a Petition in Error on behalf of Carl Smith with the Oklahoma Supreme Court commencing an appeal from Judge LeMasters' appointment of

Eula Johnson, Case 57,081. Appellees filed a Motion to Dismiss the appeal in February, 1982, and the Supreme Court ordered Respondent to respond not later than March 29, 1982.

On May 24, 1982, the Supreme Court dismissed the appeal. The Court in its Order of Dismissal stated:

... this appeal is ordered dismissed as abandoned in consequence of appellant's unexcused failure to secure completion of record on appeal. Rules of Civil Appellate Procedure, Rule 1.20(d), and Rule 1.26(a).

The Court notes that on March 9, 1982, appellant was directed to respond to appellees' motion to dismiss not later than March 29, 1982, but as of the date hereof, appellant has wholly failed to respond.

Respondent has failed to return any of the items contained in Ms. Settles' purse which were delivered to him on January 29, 1981.

Mrs. Smith has sent numerous letters and made many telephone calls to Respondent's office, but he has wholly failed and neglected to communicate with her.

Respondent's conduct violates DR 6-101(A)(3) and DR 9-102 of the Code of Professional Responsibility, and thereby constitutes grounds for professional discipline.

## COUNT IV

On October 1, 1986, Ollie Mae Smith wrote to the Oklahoma Bar Association complaining of her inability to contact Respondent and the grievance was designated DC 86-282. On October 15, 1986, a copy of Mrs. Smith's grievance, along with a letter informing Respondent of his obligation to respond to said grievance, was mailed to Respondent at both his McAlester, Oklahoma, address and his Addison, Texas, address. The letter sent to his McAlester address was not returned, but the letter sent to Addison, Texas, address [sic] was returned unclaimed.

On January 6, 1987, after Respondent failed to provide a written response to the grievance, a subpoena was personally served on Loren McCurtain in Addison, Texas, requiring his appearance on February 18, 1987, at the Oklahoma Bar Association for a deposition.

Respondent failed to appear at the Bar Center on that date, and failed to notify the Oklahoma Bar Association of any reason for his non-appearance at said deposition.

Said conduct violates Rule 5.2, Rules Governing Disciplinary Proceedings, *supra*, and constitutes grounds for professional discipline.

After an examination of the record, we find that the evidence presented clearly supports the allegations in the complaint and that the respondent violated the provisions of DR 2-111(B), DR 6-101(A)(3), DR 9-102, and Rule 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, ch. 1, app. 1-A.

The only issue is whether disbarment, which was the recommendation by the trial panel, is the appropriate discipline to be imposed upon the respondent. Complainant's brief in support of disbarment argues that where an attorney is currently under suspension for neglect of client's legal matters, and for failure to cooperate with the investigation of grievances against him, that lawyer should be disbarred where he repeats such behavior by neglecting client matters, by either converting client property or failing to account for it, and by again refusing to cooperate with the Bar Association in investigation of those matters. We agree. The record reveals that the respondent has been disciplined by this Court on three occasions. On June 23, 1981, he was publically reprimanded for failure to withdraw from a case after having been discharged by a client and for failure to make a complete and full disclosure of all pertinent facts known to him where the district court was attempting to determine who represented his former client. On March 3, 1986, the respondent was suspended from the practice of law indefinitely, but for not less than one year, for the neglect of two

legal matters entrusted to him, and also for his failure to respond to the grievances filed against him. On February 4, 1987, he was further suspended until March 3, 1989, and thereafter until reinstatement to the practice of law by the order of this Court for neglect of a legal matter, for making false representations to the Oklahoma Bar Association concerning an alleged attempt to return the fee to his client, and for failing to cooperate with the investigation of the grievance filed by his client.

As the respondent has apparently made no attempt to change his behavior or to cooperate with the Bar Association in the investigation of grievances against him, this Court finds that disbarment is the proper discipline to impose. *See State ex rel. Oklahoma Bar Ass'n v. Peveto*, 730 P.2d 505 (Okla.1986). Accordingly, we order that Loren A. McCurtain be disbarred and his name stricken from the roll of attorneys. The costs of the proceedings in the discipline in the amount of $706.71 shall be borne by the respondent. They are to be paid immediately after this opinion becomes final.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER and SIMMS, JJ., concur.

DOOLIN, KAUGER and SUMMERS, JJ., dissent.

HODGES, J., not participating.

KAUGER, Justice, with whom DOOLIN, Justice, and SUMMERS, Justice, join, dissenting.

After reviewing the last three bar disciplinary proceedings involving Loren A. McCurtain,[1] it appears to me that they should be reviewed as a continuing saga of personal incapacity to practice law, and that the cause should be remanded for proceedings under 5 O.S.1981 Ch. 1, App. 1–A, Rule 10.[2]

1. CHRONOLOGY

| | |
|---|---|
| May 8, 1984 | Larry Butler filed a grievance with the Bar. |
| May 14, 1984 | A letter was sent to McCurtain advising him of the grievance. No response. |
| May 23, 1984 | Dr. Robert Jones filed a grievance with the Bar. |
| May 31, 1984 | A letter was sent to McCurtain advising him of the grievance. No response. |
| June 8, 1984 | J.C. Pratt filed a grievance with the Bar. |
| June 15, 1984 | A letter was sent to McCurtain advising him of the grievance. No response. |
| November 20, 1984 | First complaint filed with this Court. |
| October 16, 1985 | Alfred Wilson filed a grievance with the Bar. |
| November 6, 1985 | A letter was sent to McCurtain advising him of the grievance. |
| November 21, 1985 | McCurtain acknowledges receipt of the letter and asks for additional time to respond. |
| December 6, 1985 | Bar grants additional time. McCurtain never filed a response. |
| March 4, 1986 | This Court hands down the first opinion in which McCurtain is suspended for one year. As a precondition to reinstatement he must pay the costs of the proceeding; repay two clients and produce a written certificate signed by members of a committee of lawyers that McCurtain possesses sufficient professional skills and knowledge to competently represent his clients. |
| May 8, 1986 | The second complaint is filed by the Bar. |
| September 30, 1986 | Neil Johnson filed a grievance with the Bar. |
| October 1, 1986 | Ollie Smith filed a grievance with the Bar. |
| October 15, 1986 | A letter is sent to McCurtain advising him of both grievances. No response. |
| February 14, 1987 | The second opinion is handed down by this Court and McCurtain is suspended until March 3, 1989 with the same conditions required in the first opinion. |
| July 29, 1987 | The Bar files the complaint with this Court. |

2. Title 5 O.S.1981 Ch. 1, App. 1–A, Rule 10 provides:

"The term 'personally incapable of practicing law' shall include:

(a) Suffering from mental or physical illness of such character as to render the person afflicted incapable of managing himself, his affairs or the affairs of others with the integrity and competence requisite for the proper practice of law;

## COMPLAINT I

The first complaint filed on November 20, 1984, is the only one in which McCurtain appeared and offered any evidence to mitigate discipline. The Bar alleged that McCurtain neglected two legal matters, by failing to initiate a probate matter or to file a lawsuit in a wrongful termination case. At the hearing on January 23, 1985, McCurtain testified that when he was first served by the Bar, he was trying a case in Pittsburg County District Court; that he had tried to block the notice of disciplinary proceedings out of his mind; and that did not read the charges until he contacted a lawyer to represent him. He also stated that he had been treated with antidepressants for at least fifteen years and that after his wife divorced him in 1981, he became anxious and suffered from crying spells, low energy level, decreased ability to concentrate, feelings of inadequacy, feelings of being overwhelmed, and guilt regarding his divorce and family.

On August 25, 1982, McCurtain admitted himself to Carl Albert Community Mental Health Center because he thought he was losing his mind and suffering a nervous breakdown. After being released on September 15, 1982, he continued psychiatric treatment until he found that the cost was prohibitive based on his average yearly income of $14,000 to $17,000. McCurtain's personal psychiatrist reported to the Bar that, after McCurtain was dismissed from the inpatient clinic, he was coherent and in touch with reality. However, McCurtain testified that he did not discuss with the doctor any problems or doubts he was having in his professional life.

The trial panel determined that McCurtain should be suspended for one year. It recommended that McCurtain meet the following conditions before reinstatement to active practice:

(1) Pay the costs of the proceedings.

(2) Repay his clients with interest.

(3) Receive treatment from competent mental health professionals who have been furnished with a complete transcript of the Tribunal's proceedings and provide an evaluation from those treating professionals to the Professional Responsibility Tribunal, prior to the termination of the suspension, to the effect that McCurtain is capable of performing his professional responsibilities in a consistently competent and trustworthy manner.

(4) Furnish the Professional Responsibility Tribunal with a written certificate signed by members of a committee of lawyers appointed by the Pittsburg County Bar Association, that in their opinion, the respondent possesses, at the time termination of suspension is requested, sufficient professional skills and knowledge to competently represent the affairs of his clients.

Neither the Bar nor McCurtain objected to the suggested conditions. However, condition (3) concerning treatment by competent mental health professionals was not included in either this Court's March 4, 1986 opinion or the January 14, 1987 opinion.

## COMPLAINT II

The second complaint involving neglect of a legal matter was filed May 8, 1986. McCurtain had been retained to foreclose on a mortgage. After he failed to file a petition in the trial court, the mortgaged house was torn down. When McCurtain appeared for his deposition to be taken, he offered to either continue his representation of the client or to return the client's documents and to refund attorney fees. The client elected to have the documents returned and the attorney fees refunded. McCurtain failed to do either, and on February 14, 1987, he was suspended until March 3, 1989.

(b) Active misfeasance or repeated neglect of duty in respect to the affairs of a client, whether in matters pending before a tribunal or in other matters constituting the practice of law; or

(c) Habitual use of alcoholic beverages or liquids of any alcoholic content, hallucino-

gens, sedatives, drugs, or other mentally or physically disabling substances of any character whatsoever to any extent which impairs or tends to impair ability to conduct efficiently and properly the affairs undertaken for a client in the practice of law."

## COMPLAINT III

The third complaint also involved neglect of legal matters. McCurtain filed a petition for divorce but took no further action, nor did he return some personal items of a decedent in a probate action. Although the Bar did not bring this complaint under 5 O.S.1981 Ch. 1, App. 1–A, Rule 10, McCurtain's attorney, admittedly unfamiliar with bar disciplinary matters, attempted to show that his client's neglect was because of his mental incapacity.

## CONCLUSION

Subsection (a) and (b) of Rule 10 which define "personally incapable of practicing law" as including mental or physical illness, or a pattern of repeated neglect of legal matters is applicable here. Repeated neglect of duty in respect to the affairs of a client coupled with the appearance of mental and physical illness is readily apparent. This proceeding should be remanded for Rule 10 proceedings.