**STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Earl W. WOLFE, Respondent.**

**SCBD No. 3864.**

Supreme Court of Oklahoma.

June 15, 1993.

As Corrected on Limited Grant of Rehearing Nov. 1, 1993.

John E. Douglas, Asst. Gen. Counsel, OK Bar Ass'n, for complainant.

Earl W. Wolfe, pro se.

## OPINION

WATT, Justice.

The OBA filed a complaint against Wolfe on October 22, 1992. The complaint, consisting of six counts, followed the filing of grievances against Wolfe by four clients: Wilmer Daniels, Mavis Compton, Maggie Williams, and Bob and Sheila Wolf. The OBA alleged that Wolfe had failed to keep clients informed, had failed to adequately protect their interests in court proceedings, and had not cooperated with the OBA's investigation of the grievances.

A trial panel of the Professional Responsibility Tribunal heard the matter on December 1, 1992. The parties stipulated to the facts. Wilmer Daniels, Wolfe, and an OBA investigator testified at the hearing.

## FACTS AND PROCEDURAL HISTORY

### Counts I and II (Wilmer Daniels)

Count I related to Wolfe's inadequate representation of Daniels. Count II dealt with Wolfe's failure to timely respond to the OBA's notices.

Wolfe represented Daniels in a federal court action against Daniels's former employer, Sears, Roebuck & Co., for employment discrimination. Sears filed a motion for summary judgment to which Wolfe did not respond. Forty-three days after Sears filed its motion, October 13, 1988, the federal court granted Sears's motion based on Daniels's failure to file anything to controvert the truthfulness of the facts Sears alleged. On October 26, 1988, the federal court entered judgment. On November 7, 1988, twelve days after the federal court entered judgment, Wolfe filed a motion to alter or amend the judgment. Wolfe's motion was based on his claim that when the court ruled on Sears's motion "Plaintiff['s] response and brief were nearly completed ..." The federal court denied the motion to alter or amend. On February 16, 1989 Wolfe filed for Daniels a notice of Daniels's intention to appeal to the U.S. Court of

Appeals for the Tenth Circuit. On May 22, 1989, the Tenth Circuit dismissed the appeal for lack of prosecution.

The OBA gave notice to Wolfe of Daniels's grievance on August 7, 1991. Wolfe obtained an extension of time to file his response to September 9, 1991, but filed nothing on that date. Wolfe failed to respond to the OBA's second written request dated September 18, 1991. Wolfe finally filed a response to Daniels's grievance on October 14, 1991, after the Professional Responsibility Commission had served Wolfe with a deposition subpoena. Wolfe admitted all the factual allegations but denied his failure to timely file a response to Sears's motion for summary judgment violated the Rules of Professional Conduct.

### Count III (Mavis Compton)

Mavis Compton filed a grievance against Wolfe on August 20, 1991. On August 21, 1991, the OBA mailed notice of the grievance to Wolfe and told him of his obligation to respond within ninety days. Wolfe failed to respond to the OBA's notice. The OBA sent a second notice, but Wolfe failed to respond to it. The Professional Responsibility Tribunal issued a subpoena directing Wolfe to give his deposition on October 14, 1991. On October 13, Wolfe obtained an agreement from the OBA to set Wolfe's deposition for a later date in return for Wolfe's agreement to file a written response to Mavis Compton's grievance which Wolfe filed October 14.

The Professional Responsibility Commission decided to dismiss Mavis Compton's grievance against Wolfe. The OBA's allegations against Wolfe, therefore, dealt with Wolfe's failure to respond to their inquiries in a timely manner, not with his representation of Mavis Compton.

### Count IV (Maggie Williams)

Maggie Williams did not appear at the hearing and her grievance was, therefore, dismissed. Nevertheless, the record showed that Wolfe had failed to respond to the OBA's notices of the grievance.

### Count V (Bob and Sheila Wolf)

Wolfe was retained to file a claim against the City of Jay, Oklahoma for the Wolfs. Because of his delay in filing suit, four of the Wolfs' six claims against the City were barred by the statute of limitations.

### Count VI (Private Reprimand)

The Professional Responsibility Tribunal issued a private reprimand to Wolfe on August 30, 1991. This reprimand was based on Wolfe's dilatory and negligent conduct with respect to the handling of clients' matters, for failing to communicate with his clients, and for failing to file responses to OBA grievance investigations.

## THE TRIAL PANEL'S FINDINGS AND CONCLUSIONS

The trial panel found, and the record supports, that Wolfe failed to act with reasonable diligence in his representation of Daniels in the federal court case. The Panel pointed out that Wolfe attempted to defend on the ground that he regretted ever having taken Daniels's case, "as it was a weak, thin case, factually difficult to support." Wolfe also criticized the federal judge for failing to give the Daniels matter due consideration, although Wolfe admitted having failed to respond to the defendant's motion for summary judgment in a timely way. While Wolfe claimed he sent copies of court filings to Daniels, he failed to satisfactorily explain a letter Daniels wrote to him in January 1991 complaining of Wolfe's failure to communicate with him. Wolfe's excuse for not filing a brief in the appeal to the Tenth Circuit was that he had broken his leg after falling on ice. The Panel observed that Wolfe's "excuse is not credible."

Wolfe tried to excuse his conduct for having let the statute of limitations bar four of the Wolf's six claims by saying that this case was also weak and factually difficult to support, and that he did not learn the facts until after he filed the suit. The trial panel observed that Wolfe tried to excuse his failure to respond on the ground

that his large case load required him to prioritize things and he had decided to represent his clients first. Wolfe also claimed that his "feeling" was that the OBA's complaints against him were motivated by his successful defense of another lawyer in a different OBA grievance and discipline matter. Wolfe admitted that his statement was unsupported by any facts. The trial panel characterized these claims as "most serious and irresponsible." Wolfe also characterized two of the OBA's counts against him as "frivolous," and claimed that none of his conduct, in these two counts nor the others, merited discipline of any kind. Wolfe admitted that two additional OBA grievance investigations were pending to which he had not filed timely responses.

The trial panel concluded that Wolfe had violated Rule 1.3 of the Oklahoma Rules of Professional Conduct. The trial panel found that Wolfe had failed to diligently prosecute either Daniels's action against Sears, or Mr. and Mrs. Wolf's claims against the City of Jay. The trial panel further concluded that Wolfe had violated Rule 1.4 of the Rules by failing to keep Daniels informed of the progress of his case. The trial panel concluded that Wolfe's failure to timely respond to the OBA's notices of grievances involving Daniels, Mavis Compton, and Maggie Williams violated of Rules 8.1 and 5.2 of the Oklahoma Rules of Professional Conduct.

The trial panel recommended that Wolfe be suspended from the practice of law for ninety days, pay the costs of the proceedings, and remain on probation for one year.

On April 5, 1993, the OBA filed an Application to Assess Costs in the amount of $1,137.90. Wolfe has not objected to this application, and we find it is appropriate that Wolfe pay these costs under Rule 6.16, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

## DISCUSSION

■■■ The trial panel's findings and conclusions are supported by the record. Nevertheless, we must consider the evidence *de novo* and conclude independently what discipline should be imposed. *State ex rel. Oklahoma Bar Association v. Miskovsky*, 832 P.2d 814, 817 (Okl.1992). We are concerned by Wolfe's continuing failure to timely respond to OBA notices of investigations of grievances, and his unsupported "feeling" that the OBA's investigations of his clients' grievances were malicious. Further, Wolfe filed no answer brief in this appeal. All of this is superimposed on Wolfe's inadequate representation of clients. These factors convince us that Wolfe should be suspended from the practice of law for six months, rather than the ninety days recommended by the trial panel.

The record shows that Wolfe failed to timely respond to six separate OBA investigations.[1] In addition, Wolfe has failed to diligently handle clients' matters in at least three instances.[2] Rule 8.4(a) of the Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A, provides that it is professional misconduct for a lawyer to "violate or attempt to violate the Rules of Professional Conduct ..." The Rules require that lawyers respond to notices of investigations of grievances sent to them by the OBA. Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A. Wolfe violated Rule 5.2 in six different investigations. Rule 1.3 requires a lawyer "to act with reasonable diligence and promptness in representing a client." Wolfe violated this rule on at least three occasions.

Wolfe's pattern of repeated offenses is a type of misconduct that the Comments to the Rules address. In the Comments to Rule 8.4 the commentators say:

---

1. The six grievances to which Wolfe did not respond in a timely manner are (1) the investigation that gave rise to the private reprimand of Wolfe; (2) the Daniels investigation; (3) the Compton investigation; (4) the Williams investigation; (5) and (6) two additional pending grievances.

2. The three instances in which Wolfe has not adequately represented his clients are (1) the Daniels case; (2) the Wolf case; and (3) at least one matter that gave rise to the private reprimand.

A pattern of repeated offenses, even ones of minor significance when considered separately, *can indicate indifference to legal obligation.* [Emphasis added.]

We find such indifference here. The record shows that Wolfe, even now, does not recognize the seriousness of his misconduct.

█ We are obliged to mete out discipline in a way that will instill confidence in the public that misconduct by lawyers will give rise to appropriate punishment. *Miskovsky*, Id. 832 P.2d at 818. A suspension of six months is appropriate here.

We order that Earl W. Wolfe be suspended from the practice of law for six months from the date of this opinion, and that he pay the costs of these proceedings in the amount of $1,137.50 within not more than ten days from the date of filing of this opinion.

SUSPENSION ORDERED; COSTS IMPOSED.

LAVENDER, V.C.J., and HARGRAVE, OPALA and KAUGER, JJ., concur.

HODGES, C.J., with whom ALMA WILSON, J., joins, concurs in part and dissents in part.

HODGES, Chief Justice, concurring in part and dissenting in part:

I would adopt the ninety-day suspension and one year probation as recommended by the Professional Responsibility Tribunal.