1999 OK 77

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Michael Duane DERSHEM, Sr., Respondent.**

**OBAD Nos. 1313, 1326 SCBD Nos. 4267, 4303.**

Supreme Court of Oklahoma.

Sept. 21, 1999.

865

Loraine D. Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, For Complainant,

Gary D. Blevins, Oklahoma City, Oklahoma, For Respondent.

SIMMS, J.

¶ 1 Oklahoma Bar Association disciplinary proceedings were brought against Respondent attorney, Michael Duane Dershem, Sr., in two complaints, collectively alleging four counts of professional misconduct. These complaints were consolidated before the Professional Responsibility Tribunal and are consolidated for purposes of this opinion.

¶ 2 Respondent testified at a deposition and at the hearing held before the Professional Responsibility Tribunal. In addition, Complainant and Respondent both entered into agreed stipulations of fact and law and an agreed recommendation for discipline.

¶ 3 Respondent, Dershem, stipulated that he is a member of the Oklahoma Bar Association and is licensed by the Supreme Court to practice law in the state of Oklahoma. Further, he was so licensed at the time of the incidents alleged in the complaints which resulted in these proceedings.

¶ 4 The Trial Panel reviewed the stipulations and the remaining record and approved the stipulations as well as the recommendation for discipline, which was public censure. Due to the repetitive nature of Respondent's client neglect, combined with Respondent's complete failure to respond timely to the bar association with regard to any of the complaints alleged, and the fact Respondent was previously disciplined with a private reprimand in 1996 from the Professional Rules Commission, we order instead that Respondent be suspended for a period of ninety (90) days.

¶ 5 Count 1 of the first complaint, OBAD 1313, involved Respondent's representation of client, Donna Robertson, in a wrongful termination of employment matter. Respondent was retained in the case in March 1995. According to the complaint and stipulations, Respondent did not contact Ms. Robertson for over one year after taking her case and never fully apprised her of the status of her case. Respondent claimed to have closed Ms. Robertson's file in August or September 1996 and claimed to have notified her of this development. Ms. Robertson denies receiving any such information from Respondent or his office.

¶ 6 With regard to his handling of Ms. Robertson's case, Respondent stipulated to violations of Rules 1.1 (competent representation), 1.3 (diligent representation), and 1.4 (communication/keeping client reasonably informed) of the Rules of Professional Conduct (RPC). 5 O.S. Ch. 1, App. 3–A.

¶ 7 Respondent was sent two letters corresponding to Ms. Robertson's grievance, both required a response from Dershem. Respondent did not provide a response to either letter. A third, certified letter, was ultimately sent. Respondent did provide a response within the time limit provided in the certified letter.

¶ 8 Respondent stipulated his actions in failing to contact the bar association when directed to do so violated Rules 8.1(b) RPC (knowingly failing to respond to a lawful demand for information), 5.2 of the Rules Governing Disciplinary Proceedings (RGDP) (response to investigations of bar association) and Rule 6.4 RGDP (response within 20 days). Rules Governing Disciplinary Proceedings 5 O.S. Ch. 1, App. 1–A. The record supports Respondent's stipulations with regard to Ms. Robertson's grievance and shows he knowingly entered into the stipulations.

¶ 9 Count 2 of the first Complaint, OBAD 1313, takes issue with Respondent's handling of a personal injury suit involving Susan Sharpton's minor child. Respondent filed suit on the Sharpton's behalf in March 1994. Respondent failed to keep Ms. Sharpton informed about her case, speaking to her once in nine months after filing the petition. By the time Respondent finally spoke with his client, in December 1994, about some of the difficulties he was having with the case, it had already been dismissed due to Respondent's failure to prosecute. It was dismissed from the Payne County docket in September 1994; Ms. Sharpton only discovered this fact upon her own research in 1996, after filing her grievance with the bar association.

¶ 10 Respondent claims that in October 1995, over a year after Ms. Sharpton's case was dismissed, he wrote her to inform her of his difficulties in obtaining service on the named defendant, that he was in poor health and therefore, she should seek another attor-

ney's assistance in her case. Ms. Sharpton says she never received this letter in 1995, but did receive a copy of the letter in July of 1996, after filing her complaint.

¶ 11 The lack of competence and diligence displayed in Respondent's care of Ms. Sharpton's case is extremely worrisome. But compounding upon this carelessness is Respondent's complete failure to respond to the bar association when inquiry began concerning Ms. Sharpton's grievance.

¶ 12 Respondent received his first letter from the bar asking he contact the client in the Sharpton matter within two weeks and notify the bar of the contact. This letter was ignored. Approximately five weeks later Respondent received a second letter, directing him to contact Ms. Sharpton within five days and notify the bar of the contact. Respondent did ultimately respond to this request, though he did so two weeks out of time. The bar then notified Respondent it was initiating a formal investigation and his response was required within twenty days. The bar received no response to this directive, even after the matter had obviously escalated from an informal complaint. A second letter regarding the formal investigation was sent via certified mail; Respondent finally answered this request.

¶ 13 In January 1997, approximately five months after initiating the formal investigation, the bar association allowed Respondent an additional month before the presentation of his case before the Professional Responsibility Commission. This additional time was provided for Respondent to contact Ms. Sharpton and get the dismissed case back on the docket in Payne County. Respondent testified in his deposition that he did attempt to contact Ms. Sharpton once during this period and left no message when he was unable to reach her by phone. Respondent did not get the personal injury case back on the docket nor was there any evidence he attempted to do so. Further, he did not attempt to contact the bar association in an effort to secure more time to complete these tasks.

■ ¶ 14 Respondent's abysmal failure to follow the specific directives of the bar association at virtually every turn, is clearly and convincingly a violation of Rules 8.1(b) RPC and 5.2 and 6.4 RGDP. With respect to Ms. Sharpton's grievance, Respondent stipulated to violations of Rules 1.1, 1.3, 1.4 and 8.1(b) RPC and Rules 5.2 and 6.4 of RGDP. The record shows Respondent knowingly entered into the stipulations.

■ ¶ 15 The second complaint, OBAD 1326, contained two counts of misconduct relating to Respondent's representation of Elaine Daitch in a divorce matter. Respondent stipulated to violations of Rules 1.1, 1.3 and 1.4 RPC with regard to lack of communication and contact with Ms. Daitch. Although Respondent claimed to have in excess of $2000.00 in billable time invested in Ms. Daitch's case, he conceded he had failed to return phone calls and respond to inquiries made by the client.

¶ 16 While Respondent's apparent neglect of Ms. Daitch's case is disturbing, it is again Respondent's disregard for the bar association when it began an inquiry on Ms. Daitch's behalf which is more alarming, especially given the fact that Respondent had failed to cooperate sufficiently in the Sharpton formal investigation only months earlier.

¶ 17 In March of 1997, Respondent was notified by the bar of Ms. Daitch's complaint and directed to contact the client within two weeks. Respondent failed to respond to this letter in violation of Rule 8.1(b) RPC and Rule 5.2 RGDP. A second letter was sent asking Respondent to contact his client within five days and notify the bar association of the contact. Respondent failed to timely respond to this letter, but did write Ms. Daitch and forwarded a copy to Complainant about two weeks out of time. The untimeliness of the response also violated Rule 8.1(b) RPC and Rule 5.2 RGDP.

¶ 18 A third letter was sent acknowledging the untimely response and requesting Respondent to contact Ms. Daitch with regard to a possible refund of her retainer. The Respondent failed to respond in any manner, again in violation of Rule 8.1(b) RPC and Rule 5.2 RGDP.

¶ 19 Ms. Daitch's grievance was then opened for formal investigation in May 1997,

directing Respondent to contact the bar association in writing within twenty days. Respondent ignored this letter as well, in violation of Rule 8.1(b) RPC and Rule 5.2 RGDP. After receiving no response, the bar association sent the same letter to Respondent at a different address; still no response was received.

¶ 20 In June 1997, the bar association sent a certified letter informing Respondent that he must contact the bar association within five days or a subpoena would be issued. Again, Respondent ignored the bar's directives, violating Rule 8.1(b) RPC and Rule 5.2 RGDP. Respondent was then subpoenaed and deposed in July 1997, at which time he claimed to have kept Ms. Daitch informed and to have put two to three thousand dollars worth of time into her file. Ms Daitch disagreed with Respondent's contentions, saying she was not adequately informed of the status of her case, her calls were routinely ignored and Respondent did not perform the work he was hired to do, despite his claimed billable time in the file.

¶ 21 With regard to the Daitch complaint, the record supports Respondent's stipulated violations and shows the stipulations were knowingly entered into by Respondent.

■■■ ¶ 22 "[T]his Court possesses exclusive original jurisdiction" in disciplinary matters relating to the licensing of attorneys. *State ex rel. Oklahoma Bar Ass'n v. Meek,* 1996 OK 119, 927 P.2d 553, 557; *See also State ex rel. Oklahoma Bar Ass'n v. Holden,* 1996 OK 88, 925 P.2d 32, 36; *State ex rel. Oklahoma Bar Ass'n v. Prather,* 1996 OK 87, 925 P.2d 28, 30; *State ex rel. Oklahoma Bar Ass'n v. Braswell,* 1983 OK 63, 663 P.2d 1228, 1230; *State ex rel. Oklahoma Bar Ass'n v. Raskin,* 1982 OK 39, 642 P.2d 262, 265–66. The Supreme Court's review is de novo, the tribunal's findings and conclusions of law, as well as any recommendations for discipline are not binding on the Court. *State ex rel. Oklahoma Bar Ass'n v. Holden,* 1996 OK 88, 925 P.2d 32, 36; *See also State ex rel. Oklahoma Bar Ass'n v. Minter,* 1998 OK 59, 961 P.2d 208, 211. It is the responsibility of this Court to conclude independently the discipline which should be imposed with regard to bar disciplinary matters. *State ex rel. Okla-*

*homa Bar Ass'n v. Wolfe,* 1993 OK 84, 864 P.2d 335, 338.

■■■ ¶ 23 The seriousness of Dershem's failure to cooperate with the bar association, in failing to respond to repeated and escalating inquiry, combined with his repeated failure to competently represent and inform clients warrants a ninety (90) day suspension. The public censure recommended by the panel and agreed to in the stipulations does not adequately protect the public; it does not achieve the Court's goal of instilling public confidence that attorney misconduct will meet with appropriate punishment; nor does it convey the import of the Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings to the Respondent, Dershem, himself. Each of these aims is better met with a ninety (90) day suspension. Such a suspension is in keeping with similar cases of client neglect and failure to cooperate with the bar's investigation of grievances. *See State ex rel. Oklahoma Bar Ass'n v. Wolfe,* 1993 OK 84, 864 P.2d 335, 338 (respondent suspended for six months on six counts of misconduct relating to failure to keep clients informed, failure to adequately protect client interests and failure to cooperate with the bar association); *State ex rel. Oklahoma Bar Ass'n v. Durrill,* 1989 OK 94, 776 P.2d 560 (respondent received nine month suspension for repeated failure to respond to bar association and neglect and mishandling of three client matters, respondent had previously received a private reprimand); *State ex rel. Oklahoma Bar Ass'n v. Perkins,* 1992 OK 7, 827 P.2d 168 (respondent was suspended for six months due to neglect of client matter resulting in estate tax penalties, he had not been previously disciplined).

¶ 24 In accordance with Rule 6.1 of the Rules Governing Disciplinary Proceedings, Respondent shall be liable for the cost of these disciplinary proceedings in the amount of $609.11, the payment of which shall be a condition of reinstatement.

RESPONDENT SUSPENDED FROM PRACTICE OF LAW FOR NINETY

DAYS. REINSTATEMENT CONDITIONED UPON PAYMENT OF COSTS.

¶ 25 SUMMERS, C.J., SIMMS, OPALA, KAUGER and WATT, JJ., concur.

¶ 26 HARGRAVE, V.C.J., HODGES and LAVENDER, JJ., concur in part; dissent in part.