**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**Stanley R. PHILLIPS, Respondent.**

**SCBD No. 3618.**

Supreme Court of Oklahoma.

Jan. 16, 1990.

---

 

**14.** *Torres v. Oakland Scavenger Company,* 487 U.S. 312, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988).

Thomas C. Riesen, Asst. Gen. Counsel, Okl. Bar Ass'n, Oklahoma City, for complainant.

No appearance by respondent.

LAVENDER, Justice:

A grievance was lodged against Respondent, Stanley R. Phillips, by a client who contracted with him to probate a will. After investigation by Complainant, the Oklahoma Bar Association, and Respondent's failure to respond to all inquiries concerning the matter he was charged by a two count complaint. The charges were brought under both the 1981 Code of Professional Conduct and the 1988 Rules of Professional Conduct because the alleged conduct overlapped these two disciplinary schemes. The Rules superseded the Code provisions on July 1, 1988.

Count I alleged as follows:

5. Bobby M. Jones contacted Respondent on April 19, 1988, and retained Respondent to probate the will of William C. Garner in Latimer County, Oklahoma.

6. Respondent quoted to Jones a fee of $750.00 plus costs for the probate of this will. Jones paid Respondent $900.00 which was to be applied to this fee.

7. Respondent was suspended from the practice of law by Order of the Supreme Court of the State of Oklahoma on July 11, 1988, for non-payment of dues for the calendar year 1988 and for his failure to comply with Mandatory Continuing Legal Education requirements.

8. Jones wrote Respondent in July of 1988, after attempting to contact Respondent by the telephone, for the purpose of discussing the status of this probate. In a reply letter dated August 10, 1988, Respondent stated to Jones, "I just completed a two-week jury trial in Enid, Oklahoma, and have been unable to start the probate until recently."

9. Records from the Garfield County Court Clerk's Office indicate that only one jury trial was scheduled during the month of July, 1988, and said jury trial lasted only four days. Said records further indicate that there were no jury trials in Garfield County during the month of August, 1988.

10. Jones again tried to contact Respondent on November 29, 1988, by telephone, however, Respondent's phones were not in service. Jones then tried to contact Respondent by mail, however, this mail was neither answered by Respondent nor was the correspondence returned.

11. Respondent has failed to initiate any probate proceedings relating to the will of William C. Garner as he agreed in his contract of employment with Bobby M. Jones.

12. Said conduct of Respondent is in violation of DR 1–102(A)(1) and (4); DR 6–101(A)(3); DR 7–101(A)(2), Code of Professional Responsibility, 5 O.S. Ch. 1, App. 3 (1981), and Rules 1.3, 1.4(a), 1.5, 3.2, 8.4(a) and (c), Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–A (1988) and constitutes grounds for professional discipline.

Count II related to Respondent's failure to respond during the investigative phase of the process to the grievance submitted to Complainant by Jones and his failure to appear at a deposition including a *subpoena duces tecum* issued by the Professional Responsibility Commission (PRC) for him to provide information. The grievance was served by certified mail and the notice of deposition by private process server in Texas where he apparently resides. Rule 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A allows for discipline when an attorney fails to answer a grievance served on him by the General Counsel of Complainant. Rule 8.1(b) of the Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A, allows for discipline when a lawyer knowingly fails to respond to a lawful demand for information from a disciplinary authority. The PRC is a disciplinary authority empowered to investigate attorney misconduct. Rules 2.1 et seq., of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A.

The complaint was served on Respondent by certified mail. He failed to respond as required by Rule 6.4 of the Rules Governing Disciplinary Proceedings, 5 O.S.1981, Ch. 1, App. 1–A. Rule 6.4 provides in part, "[i]n the event the respondent fails to answer, the charges shall be deemed admitted, except that evidence shall be submitted for the purpose of determining the discipline to be imposed." Prior to hearing Complainant filed a motion pursuant to Rule 6.4 to deem the allegations of the complaint admitted. At the hearing, at which Respondent did not appear, the Professional Responsibility Tribunal (PRT) sustained the motion, as well as an oral motion by Complainant to strike paragraph 9 of the complaint dealing with whether or not Respondent, in fact, could have been in a two week jury trial in Enid in July or August 1988, which may have prevented him from beginning work on the involved probate during that time frame. The Assistant General Counsel who conducted the hearing on behalf of Complainant stated the reason for striking this paragraph was information received from the Garfield County Court Clerk's Office to the effect the allegations therein were not true.

One witness testified at the hearing, the investigator for Complainant. The testimony went to count II, i.e. Respondent's dereliction in responding in the disciplinary process, and the efforts made to contact and serve him. The investigator also testified Respondent was licensed to practice in Texas and had been formally suspended there in September of 1989 for non-payment of dues. Admitted in evidence were the initial grievance submitted to Complainant, the contract for services between Respondent and Jones concerning the probate and Respondent's August 1988 letter to Jones indicating he had been unable to begin work on the probate until recently because of the jury trial in Enid and a statement that he expected to file the matter within ten days. The letter also requested Jones to contact him if this was not acceptable. Other exhibits showed service on Respondent of the grievance, the deposition subpoena and the complaint. Finally, a September 8, 1989 affidavit from the Latimer County Court Clerk, the county where the probate was to be filed, indicating no probate on William C. Garner had been filed was admitted. Jones did not testify. Finally, statements were made by Assistant General Counsel for Complainant that the last information Complainant had from Jones was that no part of the fee or court costs paid in advance to Respondent had been received back from him.

The written Report of the PRT, contained a rendition of the facts found to exist in counts I and II. As to count I it indicated it was finding Respondent guilty of "neglect of duty ... to [Jones]". Disbarment was recommended. No specific reference to any misrepresentation was made. Nor was a reference made as to how Respondent had violated Rule 1.5 concerning reasonableness of the fee paid to him in advance.

The recommendation of the PRT was presented to this Court. A briefing sched-

ule was set. Complainant filed an initial brief. Respondent failed to file a brief. Complainant requests us to disbar Respondent. The essence of Complainant's argument is that Respondent should be disbarred for his neglect of the probate, misrepresentation to Jones in the August 1988 letter that he had started work on the probate when he had not, failure to return any part of the fee to Jones and his failure to respond in the disciplinary process. Complainant further argues the above matters and Respondent's suspension for failure to pay his bar dues and failure to comply with MCLE requirements show his complete disregard for the professional standards and requirements of the profession.

Clearly, Respondent is guilty of neglect of a legal matter. He agreed to probate a will, he collected an advance fee for such work and he did not perform. Thus, Respondent is guilty of neglect of a legal matter and rule violations related thereto. He is guilty of violating 1) DR 6–101(A)(3), neglect of a legal matter; 2) DR 7–101(A)(2), failure to carry out a contract of employment entered into for professional services; 3) Rule 1.3, failure to act with reasonable diligence and promptness in representing a client; 4) Rule 1.4(a), failing to keep a client informed about the status of a matter and promptly complying with requests for information; and 5) Rule 3.2, failing to make reasonable efforts to expedite litigation consistent with the interests of a client. Respondent is also guilty of DR 1–102(A)(1) of the 1981 rules and Rule 8.4(a) of the 1988 rules, which provide misconduct occurs when any other disciplinary rule is violated.

Respondent was also charged in count 1 with misrepresentation under both the 1981 Code, DR 1–102(A)(4) and the 1988 Rules, Rule 8.4(c). He was also charged under the 1988 Rules with violation of Rule 1.5 which generally concerns the reasonableness of a lawyer's fee. In its brief to this Court Complainant argues the misrepresentation was in stating in the letter to Jones

of August 1988 that he had "been unable to start the probate until recently." We initially note Complainant impliedly admits by this argument that no misrepresentation was charged for conduct prior to the effective date of the 1988 Rules and Respondent could not, therefore, be found guilty of violating DR 1–102(A)(4), which was no longer effective after July 1, 1988. Our independent review of the allegations of count I convinces us that no misrepresentation was alleged therein for conduct prior to July 1, 1988. We, thus, decline to find Respondent guilty of such disciplinary rule. Further, although we have some question as to whether the letter could be reasonably read as an affirmative misrepresentation (the letter also stated forms *had* been acquired for use in the probate which would indicate some work had been done) without the now stricken paragraph 9 of the complaint which essentially claimed Respondent lied in the letter about his participation in a jury trial in Enid which prevented him from earlier work on the probate, even assuming statements in the August letter sufficed as misrepresentations such conduct does not necessarily warrant disbarment. See *State of Oklahoma ex rel. Oklahoma Bar Association v. Brown*, 773 P.2d 751 (Okla.1989) and *State of Oklahoma ex rel. Oklahoma Bar Association v. Lowe*, 640 P.2d 1361 (Okla.1982).

The charge under Rule 1.5 concerning reasonableness of the fee further does not convince us that this case warrants disbarment. In that Rule 1.5 did not become effective until July 1, 1988 Complainant cannot be asserting that the initial fee charged to perform the probate was excessive. From reviewing the brief of Respondent and statements made by the Assistant General Counsel at the disciplinary hearing the argument that Rule 1.5 was violated appears to be that no part of the fee has been returned.

The text of Rule 1.5 does not say anything about returning an unearned fee to a client, although one of the comments to the rule does indicate when a fee is collected in

advance any unearned portion should be returned. In so stating the comment refers to Rule 1.16(d) of the 1988 Rules which does mandate upon termination of the employment relationship the return of any unearned fee to the client. Respondent was not charged with a violation of Rule 1.16(d), nor has Complainant once referred to that rule or to the comment under Rule 1.5 referring to it in these proceedings. Nowhere does the complaint allege that Respondent was charged with failing to return the fee. Thus, we do not believe Respondent was adequately charged with a violation under Rule 1.5 and we decline to find him guilty under said rule, even though we would agree that any fee would be excessive, assuming no work was performed and that restitution of any unearned portion of the fee should be a condition precedent to any reinstatement of the Respondent.

We further conclude Respondent is guilty as charged in count II of failure to answer the grievance served on him and failure to respond to a demand for information by virtue of service of the deposition subpoena. It is clear Respondent had notice of the proceedings against him and he wholly failed to respond in the disciplinary process.

Complainant's brief relies on two cases it says support an argument in favor of disbarment. These are *State of Oklahoma ex rel. Oklahoma Bar Association v. McCurtain*, 767 P.2d 427 (Okla.1989) and *State of Oklahoma ex rel. Oklahoma Bar Association v. Bruce*, 56 O.B.J. 1538 (Okla.1985). Complainant recognizes that in both cases the involved attorney had been previously disciplined by this Court. We, thus, find these cases cannot be used as a viable guide in determining the appropriate discipline where an attorney for the first time has been found guilty of misconduct of the nature involved here. Although Respondent is clearly guilty of unprofessional conduct as set forth above and his unexplained failure to respond in the disciplinary process, itself grounds for discipline, is an affront to this Court, his client, the public and the entirety of the disciplinary process, for the conduct found to exist we do not believe disbarment to be the appropriate discipline. No specific allegation is made here that Respondent has converted any portion of the money paid to him by the client, although apparently no part of the advance fee has been returned to the client. He was not charged with such violation, nor would the present record support a finding of such misconduct. Additionally, no claim is made that the probate cannot be adequately litigated at the present time. The essence of the charge in count I is neglect of one legal matter by Respondent, in addition to one misrepresentation on his part. We believe for such misconduct and his failure to respond in the disciplinary process a three year suspension is the appropriate form of discipline.

We, thus, suspend Respondent from the practice of law for a period of three years. Additionally, restitution of any unearned portion of the fee and/or costs in regard to the Jones matter shall be a condition precedent to any reinstatement of Respondent. Respondent is further ordered to pay Complainant's costs in the amount of $347.00 within thirty days from the date this opinion becomes final.

OPALA, V.C.J., and SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, J., with whom HARGRAVE, C.J., joins, dissents;—"I agree with Professional Responsibility Tribunal and would disbar the Respondent lawyer."