### STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### John Michael O'NEAL, Respondent.

### SCBD No. 3794.

Supreme Court of Oklahoma.

May 4, 1993.

---

John E. Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

John Michael O'Neal, respondent pro se.

HODGES, Chief Justice.

Complainant, Oklahoma Bar Association, alleged two counts of misconduct warranting discipline against respondent attorney, John Michael O'Neal. The Professional Responsibility Tribunal (PRT) found that respondent's conduct violated rules 5.5[1] and 8.1[2] of the Oklahoma Rules of Professional Conduct and rule 5.2 of the Rules Governing Disciplinary Proceedings.[3] After a review of the record, we find the PRT's statement of facts to be accurate. The PRT recommended that the respondent be suspended from the practice of law for six months. The respondent argues that six-month suspension is too harsh. He also argues that the costs of these proceedings should be reduced.

1. Rule 5.5 of the Rules of Professional Conduct provides:
   A lawyer shall not:
   (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction....

2. Rule 8.1 of the Rules of Professional Conduct provides:
   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

   .     .     .     .     .

   (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

3. Rule 5.2 of the Rules Governing Disciplinary Proceedings provides:
   After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete, or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) upon the lawyer, who shall thereafter make a written response which contains a rule and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds for discipline.

The uncontested facts are as follows:

On July 19, 1990, respondent was suspended from the practice of law for non-payment of bar dues and non-compliance with the Mandatory Continuing Legal Education (MCLE) requirements. On June 26, 1991, while suspended from the practice of law, respondent filed, in the United States Bankruptcy Court for the Western District of Oklahoma, two voluntary petitions: (1) *In Re Holtzshue Hardware, Inc.*, Case No. 91–04521–TS and (2) *In Re Frederick W. Holtzshue, Jr., and Gloria E. Holtzshue*, Case No. 91–04518–TS. The respondent at or near the time of filing the petitions, decided to pay $500.00 toward a bankruptcy seminar in San Antonio, Texas, rather than pay the $500.00 toward reinstatement to the Bar. Respondent was reinstated to the practice of law on July 30, 1991.

The evidence further shows that on August 7, 1991, the General Counsel for complainant mailed a letter, which was not certified, to the respondent. The purpose of the letter was to notify the respondent that the complainant was initiating an investigation into respondent's filing of the two bankruptcy petitions. The respondent testified that he never received the letter. However, the Oklahoma Bar Association's file did not contain a returned letter.

General Counsel testified that on September 11, 1991, he mailed a letter by certified mail to the respondent notifying him of the investigation. The respondent did not claim the letter and did not respond.

The respondent argues that a reprimand is a sufficient discipline under the facts. He testified that he filed the two petitions only after seeking other attorneys to handle the matters. He could not obtain other legal representation for his clients. Rather than leave his clients without representation, he chose to act as their attorney. He also argues that in light of his financial situation that he should not be ordered to pay the full amount of these proceedings.

There are no published opinions in Oklahoma involving a lawyer who has practiced

law after being suspended administratively. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991), suggests that a court answer four questions prior to determining an appropriate sanction:

(1) What ethical duty did the lawyer violate? (A duty to a client, the public, the legal system, or the profession?)

(2) What was the lawyer's mental state? (Did the lawyer act intentionally, knowingly, or negligently?) and

(3) What was the extent of the actual or potential injury caused by the lawyer's misconduct? (Was there a serious or potentially serious injury?) and

(4) Are there any aggravating or mitigating circumstances?

As to the respondent's practicing law while under suspension, the respondent violated an ethical duty not only to the legal system and his profession but also to his client. *See* Oklahoma Rules of Professional Conduct, rule 5.5. The respondent knew at the time of the filing of the petitions that he was under suspension. Apparently there was no injury to his clients because of his misconduct.

In considering the mitigating circumstances, there is no evidence of a prior disciplinary record. Although the respondent expected to be paid for his services, we also find that this was not the respondent's primary concern and that he did not act out of a selfish motive.

In reference to the respondent's failure to respond to the letter sent by the complainant, neither party cites any cases involving this issue. Rule 8.1 of the Rules of Professional Conduct requires the lawyer "to respond to a lawful demand for information from an admissions or disciplinary authority." Under rule 5.2 of Rules Governing Disciplinary Proceedings, after the complainant serves a copy of the relevant facts or allegations upon the lawyer under investigation, the lawyer is required to respond.[4]

---

4. The respondent does not contest that he received notice of the formal complaint pursuant

to Rules Governing Disciplinary Proceedings, rule 6.3. Rule 6.3 provides:

The respondent argues facts in his brief which were not presented to the PRT and are not part of the record before this Court. This Court will not consider such facts in reaching a decision. *See Chamberlin v. Chamberlin*, 720 P.2d 721, 723–24 (Okla.1986). The complainant sent notice to the respondent. There is no record that the notice was returned to the complainant. The complainant was then sent a certified letter which was not claimed and to which he did not respond. The PRT found that the respondent had violated 8.1 of the Oklahoma Rules of Professional Conduct and rule 5.2 of the Rules Governing Disciplinary Proceedings. We agree.

■ Even though we find that the respondent violated the Oklahoma Rules of Professional Conduct, the better procedure is for the complainant to initially notify a lawyer of a complaint by certified mail or personal service. The initial letter sent to the respondent was not sent by certified mail. Although not directly applicable to bar complaints, the Oklahoma rules of civil procedure provide for service in a manner that complies with due process requirements. *See* Okla.Stat. tit. 12, § 2004 (1981).

Section 2004 requires service by personal delivery or by mail. If the mail is chosen, then the notice must be by certified mail, return receipt requested and delivery restricted to the addressee. *Id.* at § 2004(C)(2)(b). Under section 2004(C)(2)(c), default judgment cannot be entered unless the record contains the receipt showing the delivery of the letter to the addressee or the returned envelope showing that the addressee refused delivery. Given the gravity of a complaint against a lawyer, we believe that in the future the same precautions should be taken in a bar disciplinary matter as a civil matter.

There is one other issue raised by the respondent. The respondent voluntarily testified that, during the time that he was under suspension, he represented two clients as a court-appointed lawyer in criminal matters. These two representations were not addressed in complaint, and the respondent was not notified that he would be charged with any violation in conjunction with these representations.

■ Rule 6.2 of the Rules Governing Disciplinary Proceedings requires that the complaint state "the specific facts constituting the alleged misconduct." Rule 6.5 allows the complaint to be amended to include additional allegations and allows the respondent twenty days to answer. Because these rules were not followed, this Court declines to act on this allegation.

The complainant has filed a motion to access costs in the amount of $1,216.01. The respondent argues that he should not be assessed the total cost of these proceedings because of his financial condition. Rule 6.16 of the Rules Governing Disciplinary Proceedings provides that, when the proceedings result in discipline, the disciplined lawyer shall pay the cost of the proceedings unless this Court remits the amount for good cause shown. The respondent has failed to meet his burden of showing that the amount should be remitted. We find that, under rule 6.16, the respondent should pay the total costs of this proceeding.

■ The remaining issue is the appropriate discipline for respondent's violations. After careful consideration, the Court considers public censure and one year probation to be the appropriate discipline. During the period of probation the respondent shall be subject to the following conditions:

1. The respondent shall abide by the Rules of Professional Conduct.

2. The respondent shall cooperate with the Office of the General Counsel in any investigation of allegations of unprofessional conduct which have or may come to the General Counsel's attention. Either

At the direction of the Chief Justice, the Clerk shall immediately notify the Chief Master of the Professional Responsibility Tribunal, the President of the Oklahoma Bar Association and the respondent of the filing of a formal complaint. Such notification shall include a copy of the complaint and shall be sent by certified mail to the respondent's last known address.

Respondent's admission or the PRT's findings of unprofessional conduct shall constitute conclusive evidence of a breach of the Rules of Professional Conduct.

3. Respondent shall pay the costs of these proceedings within sixty days from the date this opinion becomes final.

4. If at any time during the probation the General Counsel concludes that respondent has not complied with the terms and conditions of his probation, then the Office of the General Counsel may file an application to revoke probation with the original trial panel and that notice of the filing of said application shall be given to respondent by certified mail or personal service. The hearing shall then be scheduled with the trial panel and a determination shall be made as to whether respondent has violated the terms and conditions of the probation. If the trial panel determines there is no violation, then the probation shall continue. If the trial panel finds a violation did occur, then a recommendation shall be made to the Supreme Court for proper discipline.

After review of the record, this COURT FINDS AND ORDERS:

(1) The respondent has violated Rules rules 5.5 and 8.1 of the Oklahoma Rules of Professional Conduct and rule 5.2 of the Rules Governing Disciplinary Proceedings;

(2) The respondent is publicly censured and placed on probation for a one-year period beginning the date this opinion becomes final; and

(3) The respondent shall pay the costs of these proceedings in the amount of $1,216.01 within sixty days from the date this opinion becomes final.

RESPONDENT PUBLICLY CENSURED; PLACED ON PROBATION; AND ORDERED TO PAY COSTS.

LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SIMMS, OPALA, SUMMERS and WATT, JJ., concur in part; dissent in part.

SIMMS, Justice, with whom OPALA, J. joins, concurring in part, dissenting in part:

I would suspend respondent from the practice of law for eighteen (18) months.