1998 OK 34

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Larry Michael CANTRELL, Respondent.**

**SCBD 4286.**

Supreme Court of Oklahoma.

April 28, 1998.

Mike Speegle, Oklahoma Bar Association, Oklahoma City, for Complainant.

No appearance by the Respondent.

HARGRAVE, Justice.

¶ 1 The Respondent stands suspended from membership in the Oklahoma Bar Asso-

ciation, and from the practice of law in the State of Oklahoma, as of June 30, 1997, for non-payment of 1997 Oklahoma Bar Association dues and non-compliance with mandatory continuing legal education requirements for 1996. The Respondent is listed on the bar roster as Larry Michael Cantrell, OBA # 1465, with an official roster address of 1606 S. 127th E Avenue, Tulsa, Oklahoma 74128.

¶2 On December 11, 1996, Respondent's landlord called the Oklahoma Bar Association to inform them that Respondent appeared to have abandoned his law office. The General Counsel's office attempted to notify the Respondent that they had opened an investigation "into the facts and circumstances surrounding information that you have abandoned your office, clients and files." The certified mailings were returned undelivered. The Respondent finally was served on March 5 by a private process server with an alias subpoena duces tecum to appear in Oklahoma City on March 25, 1997 for a deposition before the Professional Responsibility Commission in Grievance No. DC 96–403.

¶3 The Respondent contacted the General Counsel's Office by telephone on March 25, 1997, informing them that he was not coming to the deposition because he had taken medication and could not drive. In the telephone conversation the Respondent advised the Bar that he did not have any active cases or clients that would be neglected. He stated that he had been ill, that he was taking medicine and that he had been evicted from his home and locked out of his law office for non-payment of rent.

¶4 By letter dated April 10, 1997 Mr. Cantrell wrote to the General Counsel's office notifying them of his address change for purposes of the bar roster, effective March 25, 1997. He stated that he would respond in writing to the grievance soon, upon receiving a statement from his physician. This was apparently the last contact the Bar had with the Respondent.

¶5 On June 30, 1997, Respondent was suspended for non-payment of dues and for failure to comply with CLE requirements, in SCBD Nos. 4272, 4273. Pursuant to direction by the Professional Responsibility Commission, the General Counsel's office filed a formal complaint under Rule 6 against the Respondent on July 23, 1997, alleging violation of the Rules of Professional Conduct (not specified) and setting out the preceding facts. The Bar alleged that Respondent's conduct in failing to respond to the grievance violated the mandatory provisions of Rule 5.2, Rules Governing Disciplinary Proceedings and constituted grounds for professional discipline.

¶6 Rule 5.2, Rules Governing Disciplinary Proceedings provides:

"After making such preliminary investigations as the General Counsel may deem appropriate, the General Counsel shall either ... (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall be grounds for discipline. *The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations) ... shall be grounds for discipline.* The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action."

¶7 The Respondent never has been served with notice of the institution of a formal complaint. A hearing was scheduled on August 22, 1997, at which time the Bar's counsel informed the Trial Panel about the attempts to contact Mr. Cantrell. No testimony was taken and the hearing was adjourned until September 3, 1997 so that attempts could be made to serve Mr. Cantrell. Service was not obtained on Mr. Cantrell, and at the hearing before the Trial Panel on September 3, the Bar's Counsel stated the history of the case into the record and intro-

duced exhibits reflecting the repeated attempts to serve Mr. Cantrell throughout the proceedings. The Bar made no attempt to prove any allegations of abandonment of the law practice, upon which the grievance initially was investigated. No testimony was taken, the exhibits were admitted into evidence, and the Trial Panel found that there was clear and convincing evidence of a violation of Rule 5.2 of the Rules Governing Disciplinary Proceedings.

¶ 8 The Bar recommended that the Respondent be suspended for two years and one day so that he would be required to apply for readmission. The Trial Panel was uncertain how to proceed because of their concerns that the Respondent had never been served with notice of the formal complaint filed against him, nor with notice of the hearing. The Trial Panel deemed the charges admitted by Respondent's failure to respond to the complaint under Rule 6.4. Rule 6.4, RGDP provides:

"The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice ... *In the event the Respondent fails to answer, the charges shall be deemed admitted,* except that evidence shall be submitted for the purpose of determining the discipline to be imposed."

¶ 9 The Bar Association did not file a brief before this Court. We have found no legal authority reflecting that imposition of discipline of two years and one day is appropriate in a matter where the only conduct complained of is failure to respond to the Bar. Neither have we found any cases in which discipline has been imposed when the Respondent had not been notified and no evidence was taken on the underlying grounds for imposition of discipline. *See, State ex rel. OBA v. Phillips,* 786 P.2d 1242 (Okla.1990) (attorney failed to respond to the grievance, was served with the complaint and failed to respond; discipline was imposed after a hearing at which evidence was taken establishing clear and convincing evidence proving the allegations in the complaint). *State ex rel. OBA v. O'Neal,* 852 P.2d 713 (Okla.1993), applied the rules of Civil Procedure to bar disciplinary proceedings and re-quired that a lawyer be notified by certified mail or personal service of a complaint filed against him.

¶ 10 We cannot find, on the record before us, that the Respondent had notice of the formal complaint against him or that any violation has been proved by *clear and convincing evidence.* No testimony was taken at the hearing and no witnesses were sworn. Other than statements made by the Bar's counsel, the record consists only of exhibits admitted into evidence reflecting that the Bar made repeated attempts to serve the Respondent, that Respondent notified the Bar in writing of his new address and stated that he would respond to the grievance when he received a doctor's report, that Respondent was suspended from the practice of law on June 30, 1997 for failure to comply with continuing legal education requirements and for non-payment of dues, and that a formal complaint was filed July 23, 1997, but that Respondent was never served with notice of the formal complaint or with notice of the hearing for imposition of discipline.

¶ 11 Based on the record before us, we find that the allegations of the complaint were not proven by clear and convincing evidence, nor was the Respondent informed of the formal complaint filed against him. Under these circumstances, discipline cannot be imposed and the complaint must be dismissed without prejudice. If Mr. Cantrell should apply for readmission to the practice of law, proceedings may be instituted against him at that time.

**COMPLAINT DISMISSED.**

¶ 12 All Justices concur.