2001 OK 7

STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Michael Duane DERSHEM,
Sr., Respondent.

No. SCBD–4537.

Supreme Court of Oklahoma.

Jan. 23, 2001.

Loraine D. Farabow Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Michael D. Dershem, Sr. Oklahoma City, OK, for Respondent.

BOUDREAU, J.

¶ 1 Oklahoma Bar Association brought Rule 6 disciplinary proceedings against Respondent, Michael Duane Dershem, Sr., alleging two counts of professional misconduct, stemming from his failure to comply with the terms of a previous 90 day suspension and neglect of a client in his charge. Respondent failed to file an answer to the complaint. Respondent was then ordered to appear for a hearing before the Professional Responsibility Tribunal to respond to the allegations of misconduct. Respondent failed to appear at the hearing.

¶ 2 The Tribunal conducted the hearing in Respondent's absence. After hearing the testimony of two witnesses and reviewing the exhibits submitted by the bar association, the Tribunal determined that all allegations

against Respondent were admitted for failure to answer and recommended Respondent be disbarred. The Tribunal determined that Respondent failed to comply with the terms of a suspension he received in September 1999, he never notified his clients of the suspension, failed to withdraw as attorney of record in pending cases and failed to pay any costs of that investigation. The Tribunal also determined that Respondent neglected a client's case by failing to communicate with his client for over a year and by failing to return the client's file, after being terminated by the client. The Tribunal premised its recommendation that Respondent be disbarred in large part on his complete failure to act or respond in any way to the allegations of misconduct directed against him. The Tribunal viewed Respondent's lack of interest in this Complaint as clear evidence of his inability and unwillingness to practice law.

¶ 3 Due to the serious nature of the uncontested allegations against Respondent and his apparent abandonment of the practice of law and disregard for the authority of the bar association and this Court, Respondent is disbarred and ordered to pay costs associated with this investigation in the amount of $315.51.[1]

### I. Failure to Comply with the Terms of Suspension Pursuant to the Rules Governing Disciplinary Proceedings

¶ 4 The first count of this Complaint centers upon Respondent's failure to comply with the terms of his ninety day suspension from the practice of law which he received September 21, 1999. Six days after the suspension, the bar association provided Respondent with notice detailing the terms of his suspension, pursuant to Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App 1–A (RGDP). Respondent informed the bar association that he lacked the financial means to provide his clients with notice of his suspension by certi-

fied mail. In addition to not informing his clients that he was suspended, Respondent also failed to withdraw as attorney of record in all courts in which his client's cases were pending. He also failed to file an affidavit of compliance as required by the Professional Responsibility Commission and this Court. Finally, Respondent paid none of the cost assessed in the 1999 proceeding.

¶ 5 In February 2000, this Court directed Respondent to answer the bar association's "Notice of Respondent's Failure to Comply with His Order of Suspension from the Practice of Law". No response was forthcoming. In March 2000, the bar association delivered several items to Respondent's home, including the bar's application to continue the suspension, and the Court's order to respond to Complainant's motion to continue the 90 day suspension. Respondent still chose not to respond or contact the bar in any manner. As a result of Respondent's failure to comply with any of the conditions of Rule 9.1 RGDP, the 90 day suspension imposed upon Respondent on September 21, 1999 still remains in effect.

¶ 6 With regard to Count one of the Complaint, the Tribunal found Respondent violated Rules 1.3 (discipline for acts contrary to prescribed standards of conduct), 9.1 (procedure following disciplinary action) and 6.16 (payment for costs of investigation) of the RGDP and Rules 1.16 (declining or terminating representation) and 8.4(a) (violation of Rules of Professional Conduct) and 8.4(d) (engage in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App 3–A (RPC). We agree with the Tribunal that the record provides clear and convincing evidence Respondent violated these provisions of the RGDP and RPC.

### II. Colten Grievance

¶ 7 Henry Colten (Colten) retained Respondent in September 1998 to represent

---

1. The Oklahoma Bar Association submitted an Application to Assess Costs for this proceeding requesting two different amounts, asking for both $321.90 as well as $329.90. After reviewing the request, it appears there was an arithmetical mistake and the costs actually total $315.51, in-

stead of the amount(s) requested in the bar association's application. Therefore, the Court orders Respondent to pay $315.51, pursuant to Rule 6.16 of the Rules Governing Disciplinary Proceedings.

him in a medical malpractice suit involving the death of Colten's wife. At some point early in his representation, Respondent stopped communicating with Colten and failed to take any further action in the case. In August 1999, Colten filed a grievance against Respondent with the bar association based upon Respondent's neglect of Colten's case. The bar association opened the matter for formal investigation.

¶ 8 Approximately three months before Colten initially contacted the bar association in late Summer 1999, he spoke with Respondent about the possibility of settling his case with the medical provider's insurance company. After the conversation, Colten never again heard from Respondent, although he attempted many times to reach him throughout the Summer of 1999. When he testified before the Tribunal, Colten said he had no idea whether Respondent had in fact settled the case or had any dealings with the medical provider or the insurance company.

¶ 9 In September 1999, the bar association contacted Respondent about the Colten grievance. Respondent acknowledged receiving the grievance. He assured the bar representative that he would mail Colten his files. In October 1999, Respondent still had not sent the files to his former client. The bar association representative contacted Respondent again and was assured that Respondent had packaged the files and they were ready to be returned to Colten. Respondent still failed to return the files. During the next month, the bar representative contacted Respondent's home on nine occasions. During one of the calls the bar representative was able to leave a message with Respondent's adult son regarding the return of Colten's file. Since that time, the bar has been unable to make any contact with Respondent. As of the date of hearing in June, 2000, Respondent had not returned Colten's file.

¶ 10 The Tribunal found by a clear and convincing evidence standard that Respondent violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping of property), 1.16 (declining or terminating representation), 3.2 (expediting litigation), 8.1(a) (knowingly make false statement of material fact), 8.4(a) (violate the RPC) and 8.4(c) (engage in conduct involving dishonesty) of the RPC and Rules 1.3 (acts contrary to prescribed standards of conduct), 5.2 (answer and compliance with investigation by bar), and 9.1 (notice to clients when suspended from practice) of the RGDP. We agree.

### III. Enhancement

¶ 11 The Tribunal found Respondent's two previous disciplinary actions warranted enhancement of the discipline for Respondent's current misconduct. As noted in Count one, Respondent received a 90 day suspension in September 1999 for neglect of numerous clients and failure to comply with investigation of the Complaint by the bar association. In 1996, Respondent received a private reprimand for violations of Rule 1.4 (communication with client) of the RPC.

### IV. Discipline

¶ 12 This Court possesses original and exclusive jurisdiction in bar disciplinary proceedings. Rule 1.1 RGDP. This Court's review is by de novo consideration of the entire record. *State ex rel. Oklahoma Bar Ass'n v. Weeks*, 1998 OK 83, ¶ 12, 969 P.2d 347, 351. The Tribunal's findings, conclusions of law, or recommendations of discipline are not binding on this Court. *State ex rel. Oklahoma Bar Ass'n v. Eakin*, 1995 OK 106, 914 P.2d 644, 648. "The ultimate responsibility to impose discipline in a case before this court is ours alone." *Id.*

¶ 13 This Court's primary function in bar disciplinary proceedings is not to punish, but rather to protect the public and determine an attorney's continued fitness to practice law. *State ex rel. Oklahoma Bar Ass'n v. Donnelly*, 1992 OK 164, 848 P.2d 543, 546; *State ex rel. Oklahoma Bar Ass'n v. Mayes*, 1999 OK 9, 977 P.2D 1073, 1082; *See also State ex rel. Oklahoma Bar Ass'n v. Denton*, 1979 OK 116, 598 P.2d 663; *State ex rel. Oklahoma Bar Ass'n v. Hall*, 1977 OK 117, 567 P.2d 975; *State ex rel. Oklahoma Bar Ass'n v. Miskovsky*, 1991 OK 88, 824 P.2d 1090, 1101; *State ex rel. Oklahoma Bar Ass'n v. Colston*, 1989 OK 74, 777 P.2d 920.

¶ 14 As outlined by the Tribunal, Respondent abandoned a client and demonstrated a complete disregard for the practice of law and the authority that grants him the privilege to practice. His actions affront this Court, his client, the public and the entire disciplinary process. We agree with the Tribunal that Respondent's conduct warrants the most serious form of discipline, disbarment from the practice of law. Faced with similar circumstances in *State of Oklahoma, ex rel. Oklahoma Bar Ass'n v. Phillips*, 786 P.2d 1242 (Okla.1990), this Court suspended an attorney for three years for neglect of a legal matter and failure to answer the grievance or respond to the bar association's lawful demand for information. Although the Phillips tribunal recommended disbarment, the Court departed from the recommendation because Phillips had no previous disciplinary contacts with the bar association. Clearly, the lack of previous discipline is not a mitigating factor in Respondent's case.

¶ 15 There is a slight suggestion in the record that Respondent experienced some personal problems which may have caused or exacerbated his erratic behavior and unwillingness to cooperate since his suspension in 1999. However, if mitigating circumstances were indeed present, Respondent should have presented them to the Tribunal. As the record currently stands, there is nothing to consider in mitigation of Respondent's misconduct.

### V. Conclusion

¶ 16 For the reasons set out in this opinion, Respondent is disbarred and his name is stricken from the roll of attorneys. He is ordered to the pay costs incurred with the investigation of this Complaint in the amount of $315.51 within ninety (90) days of the effective date of this opinion, pursuant to Rule 6.16 of the RGDP.

¶ 17 RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS.

¶ 18 ALL JUSTICES CONCUR.