2011 OK 3

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Timothy Charles EDWARDS, Respondent.**

**SCBD No. 5641.**

Supreme Court of Oklahoma.

Jan. 25, 2011.

Ted D. Rossier, Assistant General Counsel, Oklahoma Bar Association, for the Complainant.

No appearance by the Respondent.

EDMONDSON, J.

¶1 On April 8, 2010, the Oklahoma Bar Association (OBA) filed a formal complaint against the attorney Timothy Charles Edwards, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A, alleging violations of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 8.1(b) and 8.4(a)(c)(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2001, Ch. 1, App. 3–A, as well as Rules 1.3 and 5.2 of the RGDP that warrant the imposition of professional discipline.

¶2 The respondent was personally served with a copy of the Complaint and Notice of Selection of Trial Panel and Notice of Setting Hearing on April 30, 2010, by private process server. The respondent did not file an answer to the complaint as required by Rule 6.4 RGDP; pursuant to that rule, the allegations of the complaint are deemed admitted and evidence shall be submitted for the purpose of determining the discipline to be imposed.[1] A trial panel of the Professional Responsibility Tribunal (PRT) conducted a hearing on June 29, 2010, at which the respondent failed to appear. The OBA investigator testified as to the allegations against the respondent and 25 exhibits were admitted into evidence, including respondent's client trust account records. Following the hearing, the PRT filed a report to this Court recommending that the respondent be suspended from the practice of law for two years and one day. On June 23, 2010, the respondent was suspended in SCBD 5654 for nonpayment of membership dues and in SCBD 5655 for noncompliance with mandatory continuing legal education requirements.

COUNT I—The Wilson Complaint

¶3 The OBA alleges the following facts in Count I of the complaint. Travis Wilson employed the respondent in April, 2007, to pursue a workers' compensation claim. Respondent filed the case in workers' compensation court on August 9, 2007, styled Travis Wilson v. Martin Service, Inc., 2007–0923R. The respondent settled Wilson's claim for a lump sum of twenty thousand dollars ($20,000.00). The respondent was responsible for paying the medical expenses out of the settlement funds held in his client trust account.

¶4 Wesport Insurance Company issued a check on October 21, 2008 in the amount of $20,000.00 payable to both Wilson and the respondent. Eight days later, the respondent endorsed the check and deposited the funds into his trust account. On November 5, 2008, the respondent issued two checks: one to Associated Anesthesiologists in the amount of $607.50 and one to St. John Sapulpa in the amount of $1,343.50. The memo lines for the checks state that they were payment for Wilson's account. The next day, the respondent issued a check to Wilson in the amount of $2,049.00 for his share of the settlement proceeds.

¶5 The respondent issued a check to Oklahoma Surgery, Inc. on November 7, 2008, in the amount of $1,200.00, with the notation that it was payment for Travis Wilson's account. The respondent failed to pay any other medical expenses for Wilson for more than five months, until he issued a check on

---

1. The complainant filed a motion to deem the allegations of the complaint admitted and the trial panel found that the respondent had received notice of the charges against him and granted the motion pursuant to Rule 6.4 RGDP.

April 30, 2009, in the amount of $6,400.00 to St. Francis for payment of Wilson's account.

¶ 6 During this time period, the respondent failed to communicate with Wilson despite telephonic, electronic and written forms of communication attempted by his client.

## COUNT II

¶ 7 The OBA sent notification of Wilson's grievance claim to respondent on May 11, 2009, and again on May 28, 2009. The respondent failed to respond to the allegations. On June 17, 2009, the General Counsel mailed a letter to the respondent advising him that a formal grievance had been opened and indicating the necessity of a written response within twenty days. On July 9, 2009, the OBA again wrote to the respondent and requested a response to the Wilson grievance within five days, warning that failure to respond would result in the issuance of a subpoena.

¶ 8 The respondent failed to file a written response and the Professional Responsibility Commission issued a subpoena requiring the respondent's appearance and testimony before the General Counsel. After four attempts, the respondent was served with the subpoena on July 29, 2009, by private process server. The respondent was scheduled to appear on August 13, 2009, at 10:30 a.m. but he failed to attend the scheduled deposition. At 11:15 that day, the respondent telephoned and stated that he believed the deposition to be scheduled for the following day, August 14, 2009, at 11:00 a.m.

¶ 9 The General Counsel requested a response and the respondent sent a fax on August 19, 2009 in which he indicated that the delays in communication and payment for Wilson's medical expenses were due to the respondent's moving to a new place of business, plus family problems. The respondent stated that he regretted his lack of communication with the client as well as his failure to attend the deposition. The complaint alleges that on September 2, 2009, respondent refunded to Wilson $4,400.00 in attorney fees.

## COUNT III—The Jones Complaint

¶ 10 The complaint alleged that Lavenna Jones hired the respondent in 2007 to represent her in an action arising out of an automobile accident on September 16, 2006. Ms. Jones attempted to contact respondent between March 2009 and the end of June 2009 for an update on her case. On June 24, the respondent relayed to Ms. Jones a settlement offer of $14,000.00, which she accepted. The respondent remained out of contact with Ms. Jones until September when he made a partial payment of settlement funds in the amount of $2,800.00. Respondent told Ms. Jones that he would negotiate payment of the remaining medical bills incurred, provide an accounting and remit the balance of the settlement proceeds to Ms. Jones. The respondent failed to do so. Mrs. Jones' outstanding medical bills amounted to at least $2,821.00. Despite numerous attempts, Ms. Jones has been unable to contact the respondent since September 2009. The Bar further alleged that since the respondent's last contact with Ms. Jones, the respondent either converted or misappropriated client trust funds for his own benefit.

## COUNT IV

¶ 11 In Count IV the OBA alleged that the respondent failed to properly and adequately respond to the Jones grievance. The General Counsel's office sent a letter to respondent on October 21, 2009 notifying him of the Jones grievance and requesting a response within twenty (20) days. The respondent did not respond. A second letter was sent by certified mail to the respondent requesting a response within five days. The respondent signed for the letter but did not respond as directed. A third correspondence was sent and signed-for by the respondent. On December 7, 2009, the respondent sent a letter to the OBA that did not address the substance of the grievance, but referred to his personal problems. The respondent stated that the checks for the remaining medical providers in the Jones matter were going to be sent that day and that copies of them would be provided to the complainant.

¶ 12 The promised payments were not made. On March 16, 2010, the respondent

met with representatives of the OBA, at which time the respondent was directed to provide the General Counsel's office with certain bank records and case files related to the grievances within two weeks of the meeting. The respondent neither produced the records nor requested an extension of time to do so. The record reflects that this is the last contact that the OBA had with the respondent.

¶ 13 The PRT made findings of fact as set out in the complaint except that as to Count I, the trial panel found that the complainant failed to prove by clear and convincing evidence that the client, Wilson, is owed any money by the respondent or that any medical bills remain due and owing arising from that litigation. The trial panel found that clear and convincing evidence was presented that the respondent wrote the following checks on his trust account, which are of a personal nature and for his own benefit:

A. Check dated February 5, 2009, in the sum of One Thousand Dollars ($1,000.00) payable to "Cash;"

B. Check No. 1009 dated July 16, 2009, payable to "Tim Edwards" in the sum of $200.00;

C. Check No. 1010 dated August 24, 2009, payable to "Midas" for One Hundred sixty Dollars and Eighty-four Cents ($160.84);

D. Check No. 1018 dated August 25, 2009, payable to "Reasor's" in the sum of One Hundred Fifteen Dollars and Eighty–Nine Cents ($115.89);

E. Check No. 1019 dated August 27, 2009, payable to "Tim Edwards" in the sum of Six Hundred Dollars ($600.00);

F. Check No. 1020 dated September 5, 2009, payable to "Kristy Edwards" in the sum of Seven Hundred Fifty Dollars ($750.00);

G. Check No. 1022 dated September 13, 2009, payable to "Tim Edwards" in the sum of Eight Hundred Dollars ($800.00);

H. Check No. 1023 dated September 13, 2009, payable to "Kristy Edwards" in the sum of Seven Hundred Fifty Dollars ($750.00);

¶ 14 As to Count III, the PRT found that as of the date of the hearing the respondent had failed to remit the balance of the settlement proceeds to Ms. Jones, in an indeterminable amount, and, in addition, failed to pay the following medical providers in the Jones matter:

A. Chiropractic Doctors, Inc. in the sum of $1,551.00;

B. Chiropractic Doctors, Inc. in the sum of $1,186.00;

C. St. John's Medical Center in the sum of $935.15; and

D. Tulsa Radiology Center in the sum of $84.00.

¶ 15 The PRT concluded that respondent's actions constitute professional misconduct in violation of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 8.1(b) and 8.4(a)(c)(d) ORPC[2] and Rules 1.3

---

2. Rule 1.1 provides that a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation; Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client; Rule 1.4 provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and that a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; Rule 1.5 provides that a lawyer shall not make an agreement for, charge or collect an unreasonable fee or unreasonable amount for expenses; Rule 1.15. Oklahoma Rules of Professional Conduct–Safekeeping Property

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyers own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. (b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver

and 5.2, RGDP [3] and warrant the imposition of professional discipline. The PRT recommended to this Court that the respondent be suspended from the practice of law for a period of two (2) years and one (1) day and that he not be readmitted or reinstated until he has paid all medical expenses and made full restitution of any unearned portion of the fee and/or costs and expenses in the Jones matter, and has paid the costs of this proceeding. In its brief-in-chief to this Court the complainant agreed that suspension for two years and one day is an appropriate level of discipline for respondent's professional misconduct. No brief was filed by the respondent and the complainant waived reply brief.

## STANDARD OF REVIEW

¶ 16 In bar disciplinary proceedings, this Court exercises exclusive original jurisdiction as a licensing court, not as a reviewing tribunal. RGDP 1.1; *State ex rel. Oklahoma Bar Ass'n v. Berger,* 2008 OK 91 ¶ 12, 202 P.3d 822. It is the responsibility of this Court to examine the record and assess the credibility and weight of the evidence in order to determine whether it clearly and convincingly establishes professional misconduct by the respondent and, if so, what the appropriate discipline, if any, should be. *State ex rel. Oklahoma Bar Ass'n v. Stutsman,* 1999 OK 62, 990 P.2d 854, 858. Our review is de novo and we are not bound by the recommendations of the PRT. *State ex*

*rel. Oklahoma Bar Ass'n v. Todd,* 1992 OK 81, 833 P.2d 260, 261.

¶ 17 We find that the record is sufficient for our de novo review. The OBA investigator testified about the allegations in the complaint and twenty five exhibits were admitted as evidence, including bank records from respondent's client trust account. We have reviewed the testimony and the evidence and find that the allegations of the facts deemed admitted pursuant to Rule 6.4 support the findings made by the PRT. The respondent was given due and ample notice of the proceedings and charges against him but he did not answer or appear to present a defense.

¶ 18 The respondent failed to provide competent representation and act with reasonable diligence in representing Wilson and Jones. He failed to keep them reasonably informed and failed to promptly comply with reasonable requests for information from them. He failed to pay all of the medical providers in the Jones grievance, despite telling the OBA that he had done so, and he failed to provide an accounting of the settlement funds promised to the client. The respondent wrote personal checks from his client trust account, in violation of Rule 1.15. The respondent failed to timely and adequately respond to the grievances filed against him nor did he answer the formal complaint filed against him. The respondent failed to provide materials requested by the complainant, in spite of promising to do so,

---

to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(c) When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.

Rule 1.16 is concerned with a lawyer declining or termination representation of a client; in particular, subsection (d) provides that upon termination of representation the lawyer shall take steps to protect a client's interests, such as giving reasonable notice to the client, surrendering papers and property to which the client is entitled

and refunding any advance payment of fee or expenses that has not been earned or incurred; Rule 8.1(b), Oklahoma Rules of Professional Conduct provides that in a disciplinary matter, a lawyer should not knowingly fail to respond to a lawful demand for information from a disciplinary authority. Rule 8.4 provides that it is professional misconduct for a lawyer to (a) violate or attempt to violate the Rules of Professional Conduct ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; or (d) engage in conduct that is prejudicial to the administration of justice.

3. Rule 1.3 RGDP states that the commission by any lawyer of any act contrary to prescribed standards of conduct shall be grounds for disciplinary action. Rule 5.2 states that the failure of a lawyer to respond as provided by the rule, shall be grounds for discipline.

and he represented that he had paid the remainder of Jones' medical providers when he had not. The respondent's conduct violates Rules 1.1, 1.3, 1.4, 8.1(b), 1.15, 1.16 8.4(a)(c)(d) ORPC and Rules 1.3 and 5.2 RGDP.

¶ 19 Violation of the Oklahoma Rules of Professional Conduct and Rules Governing Disciplinary Procedure warrants the imposition of professional discipline. It is the duty of this Court to determine the appropriate level of discipline to be imposed, based on the facts and circumstances of the case.

## DISCIPLINE

▮▮ ¶ 20 In determining the appropriate discipline in a particular matter, we look to the level of discipline imposed in other cases. The present matter bears similarities to *Oklahoma Bar Ass'n v. Phillips*, 1990 OK 4, 786 P.2d 1242. Phillips had no prior disciplinary actions and the Court imposed a three-year suspension from the practice of law for neglect of a legal matter, failure to answer the grievance and failure to respond to a lawful demand from disciplinary authorities. Phillips had accepted a fee for commencing a probate matter but he did not file the probate. After repeated attempts by the client to contact him, Phillips indicated that he had been in a jury trial and that he hand been unable to start the probate until recently. Phillips had not initiated the probate. Phillips stood suspended from the OBA for nonpayment of dues and for failure to comply with MCLE requirements. When Phillips failed to answer the complaint against him the charges were deemed admitted pursuant to Rule 6.4. The sole witness testifying at the hearing was the investigator for the OBA. The trial panel recommended that Phillips be disbarred. In imposing a lesser discipline the Court stated that:

"The essence of the charge in Count I is neglect of one legal matter in addition to one misrepresentation. We believe that for such misconduct, and his failure to respond in the disciplinary process, a three year suspension is appropriate." 786 P.2d at 1246.

¶ 21 In the present matter, the respondent has not been previously disciplined. The report of the trial panel and the complainant's brief in chief were sent to the respondent so he was fully aware of the recommended discipline of suspension from the practice of law for two years and one day. Though it appeared from some of his communications that there may have been mitigating factors, the respondent did not respond to the complaint filed against him or appear at the hearing in order to plead or prove any matters in mitigation or to ask for leniency from this Court.

¶ 22 The respondent's conduct indicates a disregard of and indifference to the disciplinary process. The respondent did not attempt to defend his license to practice law before this Court, and he currently stands suspended for nonpayment of dues and noncompliance with the mandatory continuing legal education requirements. We agree with the recommended discipline of suspension from the practice of law for two years and one day. Suspension for two years and one day will force the respondent to take affirmative action to recover his license through the reinstatement process. The procedure required for reinstatement will allow the OBA to investigate respondent's personal and business activities, to ascertain whether he is fit to resume the practice of law, and to determine whether he has complied with conditions for reinstatement.

## APPLICATION TO ASSESS COSTS

¶ 23 On July 29, 2010, the Complainant filed its application to assess costs against the respondent in the sum of $578.68, pursuant to Rule 6.16, RGDP. The complainant's motion to assess costs against the respondent is granted and respondent is directed to pay the costs of the proceeding in the amount of $578.68 within ninety days after this opinion becomes final.

RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE DAY; COSTS CHARGED TO RESPONDENT.

¶ 24 COLBERT, V.C.J., KAUGER, WINCHESTER, EDMONDSON, REIF, JJ.—Concur.

¶ 25 WATT, J.—Dissents and is joined by Taylor, C.J., and Combs, J.—I would disbar this Respondent from the practice of law.